**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| ANDREW LENNETTE, Individually and on behalf of C.L., O.L. and S.L., Minors, | |
| Plaintiffs, | No. 17-CV-13-LRR |
| vs. | **ORDER** |
| MELODY SIVER et al., | |
| Defendants. | |

_____

## I. INTRODUCTION

The matters before the court are Plaintiff Andrew Lennette's "Motion to Amend Complaint to Withdraw Claim Pursuant to 42 U.S.C. [§] 1983" ("Motion to Amend") (docket no. 21) and Motion to Remand (docket no. 22) (collectively, "Motions").

## II. PROCEDURAL HISTORY

On January 2, 2017, Lennette filed a "Petition at Law and Jury Demand" ("Petition") (docket no. 3) in the Iowa District Court for Linn County, Iowa ("Iowa District Court"). In the Petition, Lennette asserts that Melody Siver, Amy Howell and Valerie Lovaglia (collectively "DHS Investigators") violated his rights and he seeks relief pursuant to 42 U.S.C. § 1983. *See* Petition at 15-16. The Petition also asserts various claims under Iowa law against St. Luke's Methodist Hospital ("St. Luke's") and the Grace C. Mae Advocate Center, Inc. ("Center").

On February 10, 2017, the DHS Investigators filed a Notice of Removal (docket no. 2), bringing the case before the court. On February 17, 2017, the DHS Investigators filed a Motion to Dismiss (docket no. 6). On August 7, 2017, Lennette filed the Motions. The Motion to Amend states that the DHS Investigators do not resist the motion. *See* Motion to Amend at 3. On August 9, 2017, St. Luke's filed a Resistance (docket no. 23) to the

Motion to Remand. The Center, which is not implicated by the § 1983 claim, has not yet responded. However, in the interest of judicial efficiency, and because the Motions appear noncontroversial, the court will proceed to consider the Motions. *See* LR 7(e) ("If a motion appears to be noncontroversial, or if circumstances otherwise warrant, the court may elect to rule on a motion without waiting for a resistance or response.").

## III. SUBJECT MATTER JURISDICTION

The court has original jurisdiction over the § 1983 claims because they arise under the United States Code. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over the remaining claims because they are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."). In other words, "the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1067 (8th Cir. 1996) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988)) (alteration in original).

## IV. MOTION TO AMEND

In the Motion to Amend, Lennette "seeks to withdraw his cause of action against the [DHS Investigators] based on 42 U.S.C. § 1983," which would result in their dismissal from this action. Motion to Amend at 2. Lennette explains that a recent Iowa Supreme Court Case, *Godfrey v. State*, ___ N.W.2d ___, 2017 WL 2825878 (Iowa 2017), recognizes "claims against the State and its employees under the Iowa Constitution."

Motion to Amend at 2. Lennette intends to "file suit in state court on all tort claims including the Iowa Constitutional claims." *Id*.

The Federal Rules of Civil Procedure provide that a party may amend a pleading once as a matter of course within twenty-one days after service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1)(B). However, Lennette did not seek to amend the Petition within the necessary time period. As such, pursuant to the Federal Rules of Civil Procedure, Lennette may only amend the Petition "with the opposing party's written consent or the court's leave." *Id*. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "[D]enial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 358-59 (8th Cir. 2011) (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557-58 (8th Cir. 2006)).

The court shall grant the Motion to Amend. Lennette did not unduly delay filing the Motion to Amend because it was filed approximately a month after the Iowa Supreme Court issued the *Godfrey* opinion, which permitted Lennette to file his claims in state court. *See Godfrey*, 2017 WL 2825878. There is no evidence that the Motion to Amend is brought in bad faith. Nor is the Motion to Amend prejudicial, as it results in dismissal of the DHS Investigators from the suit and leaves the status of the other Defendants substantially unchanged. Additionally, the DHS Investigators—the only Defendants implicated in the § 1983 claims—do not resist the Motion to Amend. *See* Motion to Amend at 3. Accordingly, the court shall grant the Motion to Amend to allow Lennette to withdraw his § 1983 claims and dismiss the DHS Investigators.

## V. MOTION TO REMAND

In the Motion to Remand, Lennette states that "[w]ithdrawal of [his] [§] 1983 claims removes all claims over which th[e] [c]ourt has original jurisdiction." Motion to Remand

at 2. He further contends that remand to the Iowa District Court is appropriate. *Id.* at 3. Lennette points to the relatively brief time that the case has been in federal court, the limited involvement of the court, the length of time before trial is set to begin and the efficiency and convenience of trying all cases together in state court. *Id.* In its Resistance, St. Luke's argues that the court should retain jurisdiction over the state law claims because the issues presented in its Motion to Dismiss ("St. Luke's Motion to Dismiss") (docket no. 10) "are governed by well-established law and are routinely addressed by th[e] [c]ourt." Resistance at 3. St. Luke's further contends that "the parties have conducted extensive discovery pursuant to th[e] [c]ourt's procedural rules" and a remand will result "in unnecessary and prejudicial delay." *Id.*

If the court "has dismissed all claims over which it has original jurisdiction" the court "may decline to exercise supplemental jurisdiction over a claim." 28 U.S.C. § 1367(c)(3). "When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise jurisdiction over the remaining state law claims." *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016-17 (8th Cir. 2015) (quoting *In re Canadian Import Antitrust Litig.*, 470 F.3d 785, 792 (8th Cir. 2006)); *see also Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) ("We stress the need to exercise judicial restraint and avoid state law issues wherever possible. We also recognize within principles of federalism the necessity to provide great deference and comity to state court forums to decide issues involving state law questions."). The court notes that the case is at its outset, and there has been no "substantial amount of time and judicial resources expended in this case." *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1141 (8th Cir. 2014). Although the court recognizes the arguments raised by St. Luke's, the court maintains "broad discretion to exercise supplemental jurisdiction over any remaining state-law claims." *Id.* The court concludes that the parties should be given an opportunity to litigate

this action in the Iowa District Court, and declines to exercise supplemental jurisdiction over the state law claims. The court shall grant the Motion to Remand and remand the case to state court.

## VI. CONCLUSION

In light of the foregoing, the court **ORDERS** as follows:

1. The Motion to Amend (docket no. 21) is **GRANTED** and Defendants Melody Siver, Amy Howell and Valerie Lovaglia are **DISMISSED**.

2. The Clerk of Court is **DIRECTED** to detach and separately docket the Amended Complaint (docket no. 21-1).

3. The Motion to Remand (docket no. 22) is **GRANTED** and the case is **REMANDED** to Iowa District Court for Linn County.[1]

4. The Motion to Dismiss (docket no. 6) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED** this 10th day of August, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] On March 3, 2017, St. Luke's filed a Motion to Dismiss. The court takes no position as to the potential merits of St. Luke's Motion to Dismiss. The court shall leave this matter for the Iowa District Court to consider in the first instance on remand.